



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:    Aprobación de Reglas para la Implantación de la Ley de Asuntos No Contenciosos Ante Notario | 2011 TSPR 135<br><br>182 DPR \_\_\_\_ |

Número del Caso: ER        - 2011 - 03

Fecha: 16 de septiembre de 2011

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilació    n y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Aprobación de Reglas para la
Implantación de la Ley de Asuntos
No Contenciosos Ante Notario          EM-2011-3


RESOLUCIÓN


San Juan, Puerto Rico, a 16 de septiembre de 2011.


De conformidad con la Ley Núm. 282 del 21 de agosto de 1999, conocida como Ley de Asuntos No Contenciosos Ante Notario, 4 L.P.R.A. sec. 2155 et. seq., este Tribunal adopta nuevas reglas, que se incorporan al Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, como un Capítulo IX, para regir el procedimiento de la competencia notarial adicional que esta ley especial confiere al notariado.  Asimismo, este Tribunal aprueba enmiendas a varias reglas del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, necesarias para conformarlas a las nuevas funciones notariales.

La Ley de Asuntos No Contenciosos Ante Notario facultó a los notarios y las notarias a atender y disponer sobre asuntos no contenciosos que antes de su aprobación eran de la exclusiva competencia de los jueces y las juezas.  En virtud de esta Ley, la competencia notarial sobre estos asuntos será ejercida concurrentemente con la competencia judicial.

La Ley de Asuntos No Contenciosos Ante Notario entró en vigor el 1 de enero del 2000. Sin embargo, su implantación requería la preparación de reglamentación que sirviera de guía al notariado para el desempeño de las nuevas funciones y protegiera los intereses de la ciudadanía, y el establecimiento de normas aplicables a los notarios y las notarias, al Registro General de Competencias Notariales y al funcionamiento de la Oficina de Inspección de Notarías. Respecto a esta oficina, la Ley presentaba unos requerimientos particulares, ya que al atribuir funciones adicionales a los notarios y las notarias, que antes estaban reservadas a la facultad adjudicativa de la Judicatura, exigía la revisión de las encomiendas de los Inspectores e Inspectoras de Protocolos.

La Ley originó además, la necesidad de crear el Registro General de Competencias Notariales, adscrito a la Oficina de Inspección de Notarías, para dar publicidad al comienzo, conclusión o cese de un procedimiento no contencioso ante notario o notaria. El establecimiento de este Registro ha requerido el nombramiento y adiestramiento de personal adicional, facilidades físicas, y equipo y programación para contar con trámites modernos, rápidos, eficaces y seguros.

Por otro lado, la Ley requería además que el Departamento de Justicia preparara un reglamento para regular la participación del Ministerio Público en los procedimientos sobre asuntos no contenciosos que se llevaran a cabo ante notario o notaria.

El cumplimiento con los requisitos para lograr la implantación de la Ley de Asuntos No Contenciosos Ante Notario ha exigido conceptualización, planificación, programación, y una erogación de fondos que la Rama Judicial no poseía para su fecha de vigencia. En consideración a la trascendencia de la implantación de esta nueva competencia notarial, a sus posibles consecuencias legales y éticas para el notariado, y a la inversión de tiempo, esfuerzo y fondos que implicaba poner en vigor esta Ley, el 24 de febrero de 2000, este Tribunal emitió una Resolución en la que instruyó a los notarios y las notarias a abstenerse de comenzar procedimiento alguno bajo sus disposiciones.

Desde entonces, la Rama Judicial ha trabajado arduamente para atender todas las necesidades que presenta la implantación de la Ley de Asuntos No Contenciosos Ante Notario. Ante la aprobación de la Ley, el Tribunal Supremo encomendó a la Oficina de Inspección de Notarías y al Secretariado de la Conferencia Judicial y Notarial la revisión del Informe y Reglamentación presentados en 1998 por la Comisión sobre Jurisdicción Voluntaria. En diciembre de 2000, estas oficinas presentaron el Proyecto de Reglas Sobre Asuntos No Contenciosos Ante Notario y enmiendas a varias reglas del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV.

Como parte de los esfuerzos que la Rama Judicial ha dedicado para desarrollar nuevas formas de trabajo que logren la modernización de la administración de la justicia, se han analizado y adoptado nuevas tecnologías que permiten agilizar las operaciones en la Rama Judicial, en general, y en la Oficina de Inspección de Notarías en particular. Las nuevas tecnologías se han incorporado a los trabajos de la Oficina de Inspección de Notarías y han permitido que ahora cuente con la infraestructura adecuada para la implantación, administración y mantenimiento del Registro General de Competencias Notariales y para atender las funciones adicionales que la Ley de Asuntos No Contenciosos Ante Notario le delega.

En consideración a este proyecto de modernización, la Oficina de Inspección de Notarías reexaminó el Proyecto de Reglas Sobre Asuntos No Contenciosos Ante Notario del 2000. A raíz de la disponibilidad de las nuevas tecnologías, de la agilización de los procedimientos y de la aprobación de nueva legislación, la Oficina incorporó cambios al Proyecto.

Por su parte, a partir de su creación en el 2004, la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico, adscrita al Secretariado de la Conferencia Judicial y Notarial, colaboró con la Oficina de Inspección de Notarías mediante la revisión del Proyecto de Reglas Sobre Asuntos No Contenciosos Ante Notario del 2000. Esta Comisión discutió exhaustivamente el Proyecto con representantes de la Oficina de Inspección de Notarías y presentó sugerencias para facilitar y agilizar el procedimiento propuesto originalmente. La Comisión presentó además, sugerencias sobre las reglas del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, que ameritan enmiendas para conformarlas al ejercicio de la nueva competencia notarial. La mayoría de las recomendaciones de la Comisión han sido acogidas y forman parte de las reglas que se adoptan en virtud de esta Resolución.

El Tribunal agradece a la Comisión para el Estudio y Evaluación de la Función Notarial de Puerto Rico, el interés y compromiso dedicados a esta encomienda, que se añadió a las originalmente delegadas.

El Proyecto de Reglas sobre Asuntos No Contenciosos Ante Notario y las enmiendas a varias reglas del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, también se sometieron a la consideración del Instituto del Notariado Puertorriqueño y de la Asociación de Notarios de Puerto Rico, quienes presentaron sus comentarios y apoyaron los trabajos de la Oficina de Inspección de Notarías encaminados a la implantación de la Ley de Asuntos No Contenciosos Ante Notario. El Tribunal atendió sus sugerencias y agradece su interés y diligente colaboración.

Finalmente, el 8 de julio de 2011, la Oficina de Inspección de Notarías presentó el Proyecto de Enmiendas al Reglamento Notarial para Implantar la Ley de Asuntos No Contenciosos Ante Notario para la consideración de este Tribunal. En su comparecencia, la Oficina de Inspección de Notarías expone que el 28 de abril de 2011, el Departamento de Justicia aprobó el Reglamento para Establecer las Normas que Regirán la Participación del Ministerio Público en los Asuntos No Contenciosos Ante Notario, en cumplimiento con los requerimientos indispensables para la implantación de la Ley de Asuntos No Contenciosos Ante Notario.

Analizado el Proyecto de Enmiendas al Reglamento Notarial, este Tribunal adopta las reglas que forman parte integral de esta Resolución. La fecha de vigencia de estas reglas provee tiempo suficiente para su divulgación y para que los notarios y las notarias se preparen con el propósito de asumir responsablemente su nueva competencia.

Superadas las dificultades que se enfrentaron originalmente para la implantación de la Ley de Asuntos No Contenciosos Ante Notario y que obligaron su posposición, y con la adopción de las nuevas reglas que se incorporan en un Capítulo IX que se añade al Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, y con la aprobación de enmiendas a las Reglas 12, 14, 15, 19, 27, 38, 39, 47, 60, 63, 77 y 84, los notarios y las notarias podrán comenzar a ejercer la competencia notarial que esta Ley especial les delega, desde el 1 de febrero de 2012.

Publíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

**CAPÍTULO IX     DE LOS ASUNTOS NO CONTENCIOSOS ANTE NOTARIO**

**A.     PRINCIPIOS Y DISPOSICIONES GENERALES**

**Regla 85     Definiciones**

Para los fines de este Reglamento y salvo que otra cosa se disponga en el mismo, los siguientes términos tendrán el significado que a continuación se expresa:

(A) Acta de Notoriedad – es aquella que tiene el propósito de comprobar y fijar hechos notorios sobre los cuales puedan ser fundados y declarados derechos y legitimadas ciertas situaciones personales o patrimoniales con trascendencia jurídica. Es un instrumento público que redacta el notario a requerimiento de la persona con interés legítimo en el hecho cuya notoriedad se pretende establecer. A diferencia de otras actas, en el acta de notoriedad el notario emite un juicio sobre el valor de las pruebas aportadas y hace una declaración de los hechos y el derecho aplicable al asunto que motiva la intervención notarial. Esta acta no surge inmediatamente, sino que se forma a medida que el notario va realizando las diligencias pertinentes a partir de la solicitud de intervención y culmina con el juicio que hace el notario sobre la notoriedad pretendida.

En el acta de notoriedad constarán necesariamente todas las diligencias y las pruebas practicadas para la comprobación del hecho notorio. La naturaleza de esta acta exige que se unan a la misma los documentos sobre los cuales el notario funda su declaración y que, además, conste la firma de la persona requirente que asevere, bajo juramento, la certeza y veracidad de sus declaraciones.

La autorización de un acta de notoriedad no requiere observar unidad de acto, salvo en los casos concretos en que el derecho vigente así lo requiera. El notario la incorporará a su Protocolo en la fecha de su autorización y bajo el número que corresponda.

(B) Acta de Subsanación – es el instrumento público que prepara el notario para corregir errores, defectos de forma u omisiones en un instrumento público anterior, según se describe en la Regla 39 de este Reglamento.

(C) Asuntos No Contenciosos – conocidos comúnmente como *ex – parte* o de jurisdicción voluntaria, son aquellos sobre los cuales no existe controversia entre los que demuestran un interés legítimo y que por disposición de ley, a petición de los requirentes, necesitan la intervención de un juez y entre los cuales, por disposición de la Ley de Asuntos No Contenciosos Ante Notario, algunos pueden ventilarse también ante un notario.

(D) Contrato de Servicios Profesionales Notariales – es el contrato escrito en el que se recogen en detalle los acuerdos entre el requirente (parte interesada) y el notario sobre los honorarios de éste por los servicios notariales que preste en el trámite de un asunto no contencioso en sede notarial, el cual estará firmado por ambas partes.

(E) Diligencia Subsanatoria – es el medio de subsanación de errores, defectos de forma u omisiones que el notario podrá utilizar en el propio instrumento a ser subsanado, según se describe en la Regla 39 de este Reglamento.

(F) Expediente – consiste de todos los documentos que se produzcan y manejen en el trámite del asunto no contencioso en sede notarial, incluyendo las declaraciones juradas, los documentos requeridos y examinados, las notificaciones a las partes interesadas y contendrá un índice de todos los documentos que obran en el mismo. Los documentos que forman parte del expediente y sean utilizados por el notario para hacer su declaración sobre el asunto ante su consideración, se unirán al acta de notoriedad que éste autorice.

(G) Firma – es una inscripción manuscrita que contiene el nombre del notario o del requirente, la cual constituye una manifestación formal y escrita que acredita la prestación del consentimiento al contenido del documento.

(H) Firma Electrónica – se refiere a los datos o conjunto de datos en un documento o transacción anejados a otros datos electrónicos o asociados funcionalmente a ellos, que pueden ser utilizados para identificar al signatario e indican que el signatario aprueba y reconoce la información contenida en el documento o transacción.

(I)  Interés Legítimo – es el interés que tiene una persona sobre un asunto o materia, el cual está reconocido y protegido por la Ley.

(J)  Ministerio Público – incluye al Fiscal de Distrito de cada región o el Fiscal Auxiliar en quien delegue expresamente y los Procuradores Especiales de Relaciones de Familia o el Procurador en quien delegue expresamente.

(K)  Registro General de Competencias Notariales – es el Registro creado por el Artículo 11 de la Ley de Asuntos No Contenciosos Ante Notario, adscrito a la Oficina de Inspección de Notarías, el cual es mantenido y administrado por el Director de Inspección de Notarías bajo la supervisión del Juez Presidente del Tribunal Supremo.  Por disposición de la Ley y de este Reglamento todo notario deberá cumplir con el requisito de notificar al Registro General de Competencias Notariales la firma del contrato de servicios profesionales y la conclusión o el cese del trámite del asunto.  El Juez Presidente podrá consolidar a este Registro, el Registro de Informes Notariales, el Registro de Testamentos y el Registro de Poderes.

(L)  Requirente – es una persona que acredita tener interés  legítimo en un asunto no contencioso, quien comparece ante un notario para solicitar la tramitación del mismo, poniendo en marcha la competencia notarial.

(M)  Término – se refiere al tiempo o plazo concedido para realizar un acto o evento, o incumplimiento después del cual el término fijado empieza a correr.

(N)  Término de Estricto Cumplimiento – es el término cuyo incumplimiento puede dar lugar a la imposición de sanciones disciplinarias por el cual el notario deberá presentar justificación que demuestre que existe justa causa.  Esta justificación deberá contener explicaciones concretas y particulares que demuestren que la tardanza o demora ocurrió razonablemente o por razones especiales.

**Regla 86  Aplicabilidad de este Capítulo; asuntos que se podrán tramitar ante notario; competencia**

(A)  Los asuntos no contenciosos, denominados comúnmente en el ámbito judicial como procedimientos *ex parte* o de jurisdicción voluntaria, son aquellos sobre los cuales no existe

controversia u oposición. Además de los que tradicionalmente se han atendido en sede notarial, la Ley de Asuntos No Contenciosos Ante Notario, dispuso que también podrán atenderse por el notario los siguientes asuntos:

(1) (a) sucesión intestada-declaratoria de herederos; y (b) expedición de cartas testamentarias;

(2) adveración y protocolización de testamento ológrafo;

(3) declaración de ausencia simple para contraer nuevo matrimonio;

(4) procedimientos para perpetuar hechos en los que no esté planteada una controversia y no puedan resultar en perjuicio de persona cierta y determinada, ni se pretendan utilizar para conferir una identidad a una persona (asuntos *ad perpetuam rei memoriam*);

(5) corrección de actas que obren en el Registro Demográfico; y cambios de nombres y de apellidos.

(B) Todos los asuntos no contenciosos relacionados en los subincisos (1) al (5) de esta Regla serán tramitados de conformidad con las disposiciones de este Capítulo y con las leyes que rigen específicamente cada asunto.

(C) Las disposiciones de este Capítulo no serán aplicables a los asuntos no contenciosos que antes de la aprobación de la referida ley eran ya de la competencia notarial, tales como las escrituras de emancipación por concesión de los padres, las de partición de bienes hereditarios y las de ejecución de prenda. Estos se continuarán tramitando de conformidad con las disposiciones de la Ley Notarial de Puerto Rico que les sean pertinentes y con las leyes particulares que los rigen.

(D) La competencia del notario en los asuntos no contenciosos a los que aplica este Capítulo será concurrente con la que ejercen a ese mismo respecto los tribunales. La persona interesada tendrá la opción de presentarlos ante el tribunal o ante un notario.

Todo notario ante quien se solicite el trámite de un asunto no contencioso cubierto por este Capítulo, a los fines del ejercicio de su

competencia notarial deberá cerciorarse preliminarmente de:

(1) que la persona requirente está legitimada para el ejercicio del derecho, de la facultad o de la acción de que se trate;

(2) que no existe controversia u oposición al respecto.

## Regla 87  Términos; interpretación; cómputo

Los términos dispuestos en las Reglas de este Capítulo para las notificaciones al Registro General de Competencias Notariales son de cumplimiento estricto.  En el cómputo de los mismos no serán contados sábados, domingos, días feriados ni aquellos en que por disposición de autoridad competente esté cerrada la Oficina de Inspección de Notarías.

## Regla 88  Formularios; uso compulsorio

El notario deberá utilizar los formularios o el formato que disponga la Oficina de Inspección de Notarías para cada una de las notificaciones al Registro General de Competencias Notariales que se requieren en este Capítulo y cumplirá las correspondientes instrucciones que dicha Oficina imparta al respecto.

## B.    PROCEDIMIENTO; EN GENERAL

## Regla 89  Ejercicio de la competencia notarial; contrato de servicios notariales; notificación inicial

(A) Cumplidos los requisitos de la Regla 86 sobre competencia, de llegar el notario y la persona requirente a un acuerdo sobre la intervención del primero en el trámite del asunto no contencioso de que se trate, ambas partes firmarán a tales fines un contrato detallado de servicios profesionales notariales. El notario y el requirente podrán acordar en el contrato la forma en que se habrá de disponer finalmente del expediente.

(B) Dentro del término de tres (3) días laborables contados a partir de la fecha en que se firme dicho contrato, el notario deberá enviar a la Oficina de Inspección de Notarías, en el formulario y conforme a las instrucciones que ésta determine,

una notificación en original y copia acreditativa de que ha aceptado intervenir en el trámite del asunto.

La notificación inicial podrá presentarse personalmente o por mensajero, ambas con acuse de recibo; por correo certificado con acuse de recibo o por los medios electrónicos que se autoricen.

(C) Una vez recibida la notificación inicial, la Oficina de Inspección de Notarías la inscribirá en orden cronológico en el Registro General de Competencias Notariales y acusará su recibo haciendo constar la fecha y hora de éste, el número de inscripción del asunto y los datos de la inscripción en el Registro. La primera notificación de intervención en un asunto excluye otras notificaciones posteriores de otros notarios o radicaciones posteriores en el tribunal sobre el mismo asunto.

(D) Si la Oficina de Inspección de Notarías determina que el notario omitió en la notificación inicial algún dato requerido en el formulario, le exigirá la información necesaria en una notificación complementaria dentro del término de tres (3) días laborales, o éste la someterá a iniciativa propia, sin la cual no se procesará la notificación para efectos de la determinación del ejercicio de la competencia.

(E) Cualquier persona podrá solicitar una certificación en cuanto a si alguno de los asuntos no contenciosos de los contemplados en la Ley se está tramitando ante otro notario o ante el tribunal.

**Regla 90    Trámite del asunto; acopio de documentación y formación de expediente; calificación**

(A) El notario identificará y acopiará toda la documentación y la información requerida por estas Reglas, así como la adicional que estime conveniente, las cuales podrán ser aportadas por el requirente u obtenidas por el propio notario. Éste preparará un expediente que incluya las declaraciones juradas, los documentos examinados, las notificaciones a las partes interesadas y un índice de todos los documentos que obran en el mismo. El notario realizará cuantas diligencias sean necesarias para fundamentar la determinación que pueda tomar.

(B)  El notario calificará la documentación y analizará toda la información recopilada a los fines de determinar si se reúnen todos los requisitos exigidos por el ordenamiento jurídico respecto al asunto del que se trate.  Concluido el proceso de calificación de documentos, el notario unirá al acta de notoriedad que autorice los documentos que forman parte del expediente y que haya utilizado para hacer su declaración sobre el asunto ante su consideración.

(C)  El expediente con los demás documentos que no se hayan unido al acta de notoriedad deberá ser conservado y custodiado  por el notario hasta que concluya el trámite del asunto.  El notario, luego de haber calificado todos los documentos y autorizado y notificado el acta de notoriedad, según  establecen las Reglas 92 y 93, podrá disponer del expediente conforme lo pactado en el contrato de servicios profesionales notariales.

**Regla 91  Notificación al Ministerio Público; asuntos que requieren su intervención; término para oposición**

(A)  El notario notificará del trámite de un asunto no contencioso a la oficina del Fiscal de Distrito o del Procurador de Asuntos de Familia, según sea el caso, siempre que alguna de las partes interesadas sea menor de edad o esté incapacitada judicialmente.

La notificación también se hará en los siguientes asuntos no contenciosos de conformidad con las leyes que los rigen:

(1)  adveración y protocolización de testamento ológrafo cuando las personas mencionadas en el Art. 551A del Código  de Enjuiciamiento Civil, no residen en el Distrito Judicial o se ignora su existencia o que, siendo menores o incapacitadas, carecen de representación legítima;

(2)  autorización para contraer matrimonio por razón de ausencia (Art. 67 del Código Civil);

(3)  asuntos *ad perpetuam rei memoriam*;

(4)  corrección de actas que obran en el Registro Demográfico; y

(5)  cambios de nombres y apellidos.

(B) El notario notificará del trámite a la oficina del Fiscal de Distrito o del Procurador de Asuntos de Familia, según corresponda, de la región judicial correspondiente al lugar donde se tramita el asunto, en conformidad con la reglamentación aprobada por el Departamento de Justicia para la participación del Ministerio Público en los asuntos no contenciosos ante notario.

(C) La notificación deberá cumplir con los requisitos e incluir todos los documentos requeridos por la reglamentación aprobada por el Departamento de Justicia para la participación del Ministerio Público en los asuntos no contenciosos ante notario. La misma se podrá hacer por correo certificado con acuse de recibo; por mensajero o personalmente por el notario, ambas con acuse de recibo, de conformidad con la reglamentación del Departamento de Justicia a esos efectos.

(D) Transcurridos treinta (30) días desde la notificación sin que el Ministerio Público notifique por escrito su oposición fundamentada, se presumirá que no existe oposición al trámite del asunto y el notario podrá continuar su intervención. También podrá continuar su intervención cuando dentro del referido término reciba la respuesta por escrito de que no hay oposición al trámite.

(E) El término de treinta (30) días quedará interrumpido si la Fiscalía o la Procuraduría de Asuntos de Familia solicitare del notario información o documentos adicionales a los incluidos en la notificación. El notario deberá enviar la información y los documentos solicitados a la mayor brevedad para que el funcionario del Ministerio Público se exprese sin dilación sobre si aprueba el trámite del asunto o se opone al mismo.

(F) La oposición fundamentada por escrito del Ministerio Público bastará para que cese la intervención del notario, quien procederá a autorizar un acta notarial sobre cese de trámite de conformidad con la Regla 94 de este Capítulo.

**Regla 92  Autorización del acta de notoriedad; contenido en general; protocolo**

(A) De proceder, el notario autorizará un acta de notoriedad en la que hará constar expresamente el hecho de haber cumplido todos los requisitos y solemnidades exigidos por la ley y por las Reglas de este Capítulo para el asunto no

contencioso tramitado, y en la que relacionará todos los documentos en los que funde su declaración, los cuales se unirán al acta.

Ningún notario podrá retener, mantener o archivar las copias certificadas de los certificados de nacimiento y matrimonio expedidas por el Secretario de Salud o por persona autorizada por éste. En los asuntos que requieren la presentación del documento original de los certificados de nacimiento o matrimonio, el notario lo devolverá a la persona que lo presenta luego de examinar el mismo y en una fotocopia estampará su sello y rúbrica y certificará que es fiel y exacta al original. El notario retendrá la copia así certificada por él, lo cual relacionará y hará constar en el acta y la unirá a ésta.

En caso de que el requirente solicite por escrito el desglose de algún otro documento, deberá hacerlo antes de que el notario autorice el acta de notoriedad de la que se trate. El desglose sólo se hará de documentos oficiales expedidos por agencias gubernamentales de Puerto Rico y Estados Unidos o de aquellos cuyo original no se requiera en el acta de notoriedad. Al hacer el desglose el notario sustituirá el documento por una copia en la que estampará su sello y rúbrica y hará constar en la misma el hecho del desglose y de que la copia es fiel y exacta al documento original utilizado para tomar su determinación en el asunto.

El notario hará constar en esta acta, además, lo siguiente:

(1) el nombre, apellidos y circunstancias personales de la persona requirente, de las personas que hayan comparecido como testigos y de las de cualesquiera otras personas, cuyas declaraciones bajo juramento se requieren por ley o por este Reglamento; lo declarado y manifestado por éstas; el hecho de que lo declarado fue bajo juramento; la dación de fe por el notario de su conocimiento personal del requirente y de las demás personas que hayan comparecido o de haberlas identificado por los medios supletorios que dispone el Artículo 17 de la Ley Notarial de Puerto Rico; y el hecho de haber advertido a dichas personas las consecuencias legales de su juramento;

(2) una relación de las diligencias efectuadas, entre las cuales está el hecho de haber notificado al Ministerio Público en los casos que proceda, de conformidad con la Regla 91; evidencia fehaciente de la notificación al Ministerio

Público; el hecho de que transcurrió el término de treinta (30) días dispuesto en la Regla 91 sin haberse recibido oposición fundamentada por escrito o de que se recibió la respuesta por escrito del funcionario del Ministerio Público en la que consta que no se opone al trámite del asunto;

(3) la declaración de los hechos y del derecho correspondiente, y la determinación final que tome sobre el asunto;

(4) el hecho de haber ofrecido las advertencias legales específicas que procedan para el trámite del asunto no contencioso, incluyendo la advertencia de que la declaración de hechos y de derecho de que se trate puede estar sujeta a impugnación por la persona que alegue tener mejor derecho.

(B) El acta de notoriedad cumplirá con los requisitos formales y solemnidades exigidas por la Ley Notarial de Puerto Rico y el Reglamento Notarial y, además de la firma del notario, deberá ser firmada por la persona requirente.

(C) El notario conservará cada año en su Protocolo de Instrumentos Públicos las actas de notoriedad autorizadas por él y los documentos que se unan a la misma.

**Regla 93  Notificación de autorización del acta de notoriedad, acta de subsanación y diligencia subsanatoria; término; contenido de la notificación**

(A) El notario notificará la autorización del acta de notoriedad al Registro General de Competencias Notariales dentro del término de setenta y dos (72) horas a partir de la fecha de su autorización. La Oficina de Inspección de Notarías requerirá al notario que dentro de tres (3) días laborables remita, o éste someterá a iniciativa propia, una notificación complementaria con cualquier dato o información requerida en el formulario y que fuera omitida en la notificación.

(B) La notificación se hará en original y copia de conformidad con el formato y las instrucciones que determine la Oficina de Inspección de Notarías, según dispone la Regla 88, e incluirá, entre otra información que podría requerir la Oficina de Inspección de Notarías, la siguiente:

(1) nombre, apellidos, número del notario y la dirección de su sede notarial;

(2) nombre del asunto no contencioso;

(3) nombre y apellidos de la persona causante, ausente o requirente según el asunto no contencioso de que se trate;

(4) número y fecha del acta de notoriedad;

(5) datos y número de inscripción del asunto en el Registro General de Competencias Notariales; y

(6) firma del notario, la cual podrá ser en forma electrónica de conformidad con las instrucciones y reglamentos que la Oficina de Inspección de Notarías emita al respecto.

(C) El notario también notificará la autorización de actas de subsanación y las diligencias subsanatorias de actas de notoriedad al Registro General de Competencias Notariales, dentro del término de tres (3) días laborables a partir de la fecha de su autorización. La corrección de errores, omisiones o defectos de forma así como los errores sustanciales se subsanarán según lo dispuesto en la Regla 39 de este Reglamento.

(D) Cumplido el requisito de notificación, el notario podrá someter copia certificada del acta de notoriedad y del acta de subsanación o diligencia, de haberlas, para que el Director de la Oficina de Inspección de Notarías certifique los datos de la inscripción de la notificación en el Registro General de Competencias Notariales.

**Regla 94   Cese de intervención; autorización de acta notarial de cese, acta de subsanación y diligencia subsanatoria; notificación; término**

(A) El notario cesará su intervención en todas las situaciones en que la Ley de Asuntos No Contenciosos Ante Notario y estas reglas así lo requieran, devolverá todos los documentos a la persona requirente y le informará por escrito que con la entrega de éstos cesa su intervención, explicándole los motivos para ello. Estas causas de cese son las siguientes:

(1) cuando al calificar los documentos y analizar la información, el notario concluyere

que la declaración de hechos y de derecho solicitada no procede;

(2) cuando el Ministerio Público notifique su oposición fundamentada al trámite en los asuntos no contenciosos en que se requiere su intervención;

(3) cuando surja controversia u oposición por personas que demuestren tener interés legítimo;

(4) cuando el notario advenga en conocimiento de que el asunto se está tramitando ante el Tribunal o ante otro notario;

(5) cuando el notario no haya recibido en un plazo razonable, según lo acordado con la persona requirente, toda la información y la documentación necesaria para autorizar la declaración de hechos y de derecho; y

(6) cuando ocurra un cese voluntario del trámite a instancia del requirente o del notario.

(B) El notario autorizará un acta notarial sobre el cese de su intervención en el asunto no contencioso de que se trate, en la que expondrá el motivo para el cese. Luego de autorizada, la notificará en original y copia de conformidad con el formato y las instrucciones que determine la Oficina de Inspección de Notarías, según dispone la Regla 88, dentro del término de tres (3) días laborables a partir de la fecha de su autorización. Dentro de ese mismo plazo el notario deberá notificar la autorización de un acta de subsanación o diligencia subsanatoria a un acta de cese de trámite. Ésta se efectuará según lo dispuesto en la Regla 39 de este Reglamento. La Oficina de Inspección de Notarías requerirá al notario que dentro de tres (3) días laborables remita, o éste la someterá a iniciativa propia, una notificación complementaria con cualquier dato o información requerida en el formulario y que fuera omitida en la notificación. Estas actas de cese también serán conservadas en el Protocolo del notario.

(C) La notificación incluirá, entre otra, la siguiente información:

(1) nombre, apellidos, número del notario y dirección de su sede notarial;

(2) nombre del asunto no contencioso;

(3) nombre y apellidos de la persona causante, ausente o requirente según el asunto no contencioso de que se trate;

(4) razón para el cese del trámite;

(5) número y fecha del acta notarial sobre el cese del trámite;

(6) datos y número de inscripción del asunto en el Registro General de Competencias Notariales;

(7) firma del notario, la cual podrá ser en forma electrónica de conformidad con las instrucciones y reglamentos que la Oficina de Inspección de Notarías emita al respecto; y

(8) cualquier otra información que se le requiera conforme a las instrucciones que imparta la Oficina de Inspección de Notarías.

(D) Una vez el notario cese su intervención en un asunto por los fundamentos expresados en los supuestos contemplados en los incisos A (1), (2), (3) y (4) de esta Regla, estará impedido de entender en otro foro en el mismo asunto.

**Regla 95   Efectos del acta de notoriedad**

Una vez autorizada, el acta de notoriedad, como todo instrumento público, gozará de la presunción de corrección, tendrá los mismos efectos jurídicos que una resolución emitida por un tribunal respecto a un asunto no contencioso presentado ante su consideración y no tendrá efecto de cosa juzgada.

**Regla 96   Honorarios notariales**

El notario y la persona requirente pactarán por escrito los honorarios notariales, conforme a las normas legales aplicables. Los honorarios estarán sujetos a variaciones, de común acuerdo, en la medida en que las circunstancias lo justifiquen. Estas variaciones también deberán constar por escrito y anejarse al contrato original.

La persona requirente, de común acuerdo con el notario, será responsable del pago de los gastos, costas y desembolsos para el trámite del asunto, incluyendo las gestiones previas a la

determinación de intervención en el asunto, si alguna, así como del pago de honorarios por concepto de opiniones periciales que el notario requiera.

De cesar la intervención del notario antes de concluir el trámite del asunto no contencioso, de conformidad con la Regla 94, el notario tendrá derecho a cobrar los honorarios que correspondan hasta ese momento.

**C.    SUCESIÓN INTESTADA: DECLARATORIA DE HEREDEROS**

**Regla 97    Inicio del trámite**

En una sucesión intestada, así como en otros supuestos que en derecho procedan, cualquier persona que demuestre tener interés legítimo en una herencia podrá solicitar ante un notario que autorice un acta de notoriedad sobre declaratoria de herederos.

Se exceptúa, de conformidad con el Artículo 913 del Código Civil, el caso de una declaratoria de herederos en la que se adjudiquen bienes al Estado Libre Asociado de Puerto Rico en ausencia de herederos legítimos, cuyo trámite la ley ordena realizar ante el tribunal.

**Regla 98    Documentación    requerida;    manifestación    bajo juramento**

(A)    La persona requirente deberá presentar ante el notario, además de cualquier otra prueba documental que éste le requiera, copia certificada de los siguientes documentos:

(1)    certificado    de    defunción    de    la persona causante;

(2)    certificado    de    matrimonio    de    la persona causante en caso de haber estado casada; o certificado de defunción del cónyuge premuerto, de aquella ser viuda; o sentencia de divorcio, de aquella ser soltera por divorcio, según la circunstancia al momento de su muerte;

(3)    certificados    de    nacimiento    de    las personas con derecho a la herencia o sucesión, incluyendo cualquiera otra documentación necesaria para establecer su relación de parentesco con la persona causante;

(4) certificados de defunción de aquellas personas que hubiesen sido llamadas a la herencia, de haber premuerto a la persona causante;

(5) certificación negativa del Registro de Testamentos; o

(6) sentencia final y firme en la que se declare la nulidad parcial o total del testamento; la certificación del Registro de Testamentos en la que conste esa determinación judicial, y copia certificada del testamento objeto de nulidad; o

(7) testamento que carezca de institución de herederos y la certificación correspondiente del Registro de Testamentos; o

(8) copia certificada de la escritura de repudiación de la herencia o de la resolución del tribunal en los casos de herederos que hayan repudiado la herencia.

(B) La persona requirente le manifestará al notario bajo juramento lo siguiente:

(1) que, según su mejor saber y entender, la persona causante falleció sin dejar testamento;

(2) que luego de haber hecho las investigaciones y los registros pertinentes, no encontró testamento alguno, o que, si lo hubo, éste fue declarado parcial o totalmente nulo, o que el testamento carece de institución de herederos;

(3) cualquier otra información que el notario le requiera, como por ejemplo:

(a) los nombres por los que la persona causante era conocida, y de ésta haber sido casada, los de su cónyuge;

(b) los nombres, apellidos y domicilios de las personas con derecho a la herencia o sucesión y los nombres y apellidos de sus respectivos cónyuges;

(c) el último domicilio de la persona causante;

(d) la afirmación de que las personas con derecho a la herencia que ha informado son todas las que conoce, sin que haya omitido alguna;

(e) la afirmación de que a su mejor saber y entender, la persona causante no procreó ni adoptó ningún otro hijo además de la progenie ya informada.

## Regla 99   Declaratoria a favor de colaterales dentro del sexto grado de consanguinidad; edictos

(A) Si la declaratoria de herederos se solicitare a favor de uno o más parientes colaterales dentro del sexto grado de consanguinidad y el valor de los bienes de la persona causante excediere de cinco mil dólares ($5,000.00), el notario deberá publicar un edicto, costeado por la parte requirente, en el que se anuncie el fallecimiento del causante, se indiquen los nombres y el grado de parentesco de quienes reclaman la herencia, más se llame a reclamar, dentro de un plazo de quince (15)días contados a partir de su publicación, a quienes se consideren con igual o mejor derecho a la herencia. El edicto se publicará una vez en un periódico de circulación general.

(B) Una vez transcurrido el plazo indicado en el edicto para reclamar, sin que lo haya hecho persona con igual o mejor derecho, el notario podrá continuar con el trámite de la declaratoria de herederos.

(C) En caso de reclamar dentro del plazo, una o más personas con igual derecho, una vez acreditado por éstas su parentesco, el notario las incluirá en el trámite de la declaratoria; pero si de la documentación presentada, incluyendo la posibilidad de declaraciones juradas, surgiere controversia, el notario detendrá el trámite de inmediato y cesará su intervención.

(D) En caso de reclamar dentro del plazo, una o más personas que acrediten o aleguen tener mejor derecho, el notario detendrá el trámite de inmediato. De no haber controversia u oposición respecto al derecho a la herencia de la persona o de las personas reclamantes, el notario se atendrá, por ser su intervención rogada, a lo que aquella o aquellas determinen; pero si de la documentación presentada, incluyendo la posibilidad de declaraciones juradas, surgiere controversia, el notario detendrá el trámite de inmediato y cesará su intervención.

**Regla 100 Calificación de documentos y formación de expediente; autorización del acta de notoriedad sobre declaratoria de herederos**

(A) Cumplidos los requisitos de la Regla 98 sobre la documentación y las manifestaciones bajo juramento de la persona requirente, el notario calificará los documentos y formará un expediente conforme a lo dispuesto en la Regla 90.

(B) Si atendida toda la prueba presentada, el notario estimare que procede la declaratoria de herederos, autorizará la correspondiente acta de notoriedad. Además de cumplir con los requisitos generales del acta de notoriedad establecidos en las Reglas 85, 91 y 92, el notario consignará expresamente en ésta lo siguiente:

(1) una relación de los documentos y de las manifestaciones juradas requeridas por el notario, los cuales se unirán al acta; y

(2) la declaración de hechos y de derecho, nombrando al causante por su nombre completo, circunstancias personales, fecha y lugar del fallecimiento, nombre del cónyuge sobreviviente si aplicase, y nombrando a los herederos por sus nombres completos y circunstancias personales.

## D. ADVERACIÓN Y PROTOCOLIZACIÓN DE TESTAMENTO OLÓGRAFO

**Regla 101 Inicio del trámite**

Cualquier persona que tenga en su poder un testamento ológrafo podrá solicitar la adveración y protocolización del mismo ante un notario.

De conformidad con lo dispuesto en el Artículo 639 del Código Civil, el notario no podrá intervenir en el trámite de este asunto de haber transcurrido cinco (5) años desde la fecha del fallecimiento de la persona causante.

**Regla 102 Documentación; manifestaciones bajo juramento; información requerida**

(A) La persona requirente deberá presentar al notario, además de cualquier otra prueba documental que éste le requiera, la siguiente documentación:

(1) original del testamento ológrafo;

(2) certificado de defunción de la persona causante;

(3) certificado de nacimiento de la persona causante, y

(4) certificación del Registro de Testamentos.

(B) La persona requirente le manifestará al notario, bajo juramento, que según su mejor saber y entender, el testamento ológrafo presentado es el último que redactó de puño y letra la persona causante.

(C) La persona requirente proveerá, además, la siguiente información:

(1) los nombres y apellidos, y las direcciones de las siguientes personas:

(a) del cónyuge sobreviviente, si aplicase,

(b) de los descendientes y ascendientes de la persona causante, o

(c) en defecto de descendientes y ascendientes, de los parientes colaterales en grado más cercano.

(2) los nombres y apellidos, y las direcciones de tres (3) personas que conozcan la letra y firma de la persona causante, pudiéndose llenar tal requisito, en todo o en parte, con personas incluidas en el inciso (C) (1).

## Regla 103 Custodia y conservación del testamento ológrafo

El notario será responsable, hasta la conclusión del trámite a él encomendado, de la custodia y conservación del testamento ológrafo que le sea entregado por la persona requirente.

## Regla 104 Calificación de documentos y formación de expediente; citación de partes con interés y testigos

(A) Cumplidos los requisitos de la Regla 102 sobre la documentación y las manifestaciones bajo juramento que la persona requirente debe presentar, el notario calificará los documentos y formará un expediente conforme lo dispuesto en la Regla 90.

(B) Si el cónyuge sobreviviente o los descendientes o los ascendientes legítimos del testador y en defecto de éstos los hermanos, no residieren dentro del distrito judicial, se ignorare su existencia o fueren personas menores de edad o incapacitadas judicialmente que carecieren de representación legítima, el notario notificará de ello al Ministerio Público, conforme al procedimiento dispuesto en la Regla 91.

(C) Una vez determine que procede continuar el trámite del asunto, el notario citará a todas las partes con interés y testigos que corresponda citar de conformidad con la Regla 102 inciso (C), subincisos 1 y 2, para que comparezcan a la oficina del notario en la fecha y hora señaladas por éste. La citación a las partes con interés especificará su propósito de que comparezcan a presenciar la lectura del testamento y su identificación. En el caso de que alguna de ellas deba comparecer también como testigo de la letra y firma de la persona causante e, igualmente, en el caso de requerirse la comparecencia de otras personas para completar o constituir el número de personas testigos requerido por la ley en este caso, su citación especificará que deben comparecer a los fines de identificar la letra y firma estampada en el testamento como pertenecientes a la persona causante y, de no abrigar duda racional de que el testamento fue escrito todo y firmado de mano propia por la persona causante, así declararlo.

Dicha citación se deberá enviar a los testigos mencionados en el párrafo anterior por correo certificado con acuse de recibo o personalmente con acuse de recibo, dentro del término de cinco (5) días contados a partir de la notificación inicial de intervención por el notario al Registro General de Competencias Notariales. La fecha que el notario fije para la cita deberá ser la más cercana posible a la fecha de su determinación de intervenir en el asunto.

**Regla 105 Peritaje caligráfico**

El notario podrá utilizar los servicios de alguna persona perita en caligrafía para identificar el testamento ológrafo a falta de testigos idóneos.

**Regla 106 Acto de lectura e identificación del testamento; cese de intervención**

(A) En el día y hora señalados en la citación dispuesta en la Regla 104, el notario se reunirá con todas las personas así convocadas para celebrar el acto de lectura e identificación del testamento. Si alguna de las personas citadas no compareciere y no se tratare de alguien que deba comparecer también como testigo de identificación, el notario podrá continuar con el acto si tuviere prueba fehaciente de que dicha persona recibió efectivamente la citación.

(B) En presencia de todas las personas citadas, salvada la excepción que dispone el inciso (A) de esta Regla, el notario procederá a abrir el testamento si estuviere en pliego cerrado, lo leerá en voz alta y lo rubricará en todas sus hojas.

(C) Una vez leído el testamento, las tres (3) personas designadas como testigos de identificación constatarán si la letra y la firma del testamento son iguales que las de la persona causante. De ser positiva su identificación, así lo declararán bajo juramento, señalando los hechos que sustentan su conocimiento sobre el particular y afirmando no abrigar duda racional de que el testamento fue escrito todo y firmado de mano propia por la persona causante. Si de conformidad con la Regla 105 el notario requiriere peritaje caligráfico, la persona que lo ofrezca certificará sus conclusiones, señalando sus fundamentos para éstas. De quedar convencido de la identificación y de la validez del testamento, el notario procederá entonces de conformidad con la Regla 107.

(D) Si las personas que hayan actuado como testigos de identificación o, en su defecto, la persona que haya prestado peritaje caligráfico, expresaren dudas sobre la identidad entre la letra y la firma de la persona causante y las del testamento, el notario cesará de inmediato su intervención en el asunto y procederá conforme lo dispuesto en la Regla 94.

**Regla 107 Acta de notoriedad sobre adveración y protocolización de testamento ológrafo; contenido**

En caso de estimar debidamente justificada la identidad y validez del testamento de conformidad con lo dispuesto en el Artículo 637 del Código Civil, el notario procederá a autorizar un acta de

notoriedad sobre adveración y protocolización. Además de cumplir con los requisitos generales del acta de notoriedad establecidos en las Reglas 85 y 92, el notario consignará expresamente en ésta lo siguiente:

(A) una relación de la información y los documentos requeridos por la Regla 102, los cuales unirá al acta;

(B) una relación de cualquier otra información o documentos que el notario estime pertinentes y necesarios para fundar su determinación, los cuales unirá al acta;

(C) el hecho de haber notificado, cuando proceda, al Ministerio Público, y de que no hay oposición de su parte;

(D) el hecho, cuando proceda, de haber advertido a la persona requirente la posibilidad de quedar sujeta a responder por los daños y perjuicios que ocasione su dilación de más de diez (10) días en presentar el testamento ológrafo a partir de que tuvo noticia del fallecimiento de la persona causante; y

(E) la declaración expresa de adveración por parte del notario, en la que se incluirá la fecha en que le fue mostrado el testamento, la fecha en que le fue entregado, la descripción del estado en que se encuentra el testamento y la del procedimiento realizado según la Regla 106.

## Regla 108   Notificaciones

Autorizada el acta de notoriedad sobre adveración y protocolización del testamento ológrafo, el notario notificará la autorización del acta al Registro General de Competencias Notariales, conforme se dispone en las Reglas 87 y 93. Además, notificará dicha acta de notoriedad sobre adveración y protocolización del testamento ológrafo al Registro de Testamentos del Tribunal Supremo de Puerto Rico, conforme se dispone en la Ley Notarial de Puerto Rico y en este Reglamento.

## E.   EXPEDICIÓN DE CARTAS TESTAMENTARIAS

## Regla 109 Inicio del trámite

Toda persona que haya aceptado formalmente bajo juramento el nombramiento de albacea hecho a su favor en un testamento y prestado la fianza

correspondiente que dispone el Artículo 597 del Código de Enjuiciamiento Civil, de no haber sido relevado de la misma, podrá solicitar la expedición de una carta testamentaria ante un notario que deberá ser distinto de aquel en cuyo protocolo obre el testamento. Un notario que haya intervenido en la juramentación de la aceptación del cargo de albacea puede expedir la carta testamentaria.

### Regla 110 Documentación requerida

La persona requirente deberá presentar al notario la siguiente documentación:

(A) certificado de defunción de la persona causante;

(B) copia certificada del testamento

(C) copia del documento en el que conste la aceptación por escrito, debidamente juramentada, del cargo de albacea;

(D) certificación del notario en cuyo protocolo obre el testamento, o del archivero correspondiente cuando la obra notarial haya sido entregada, en la que conste que se archivó o unió al testamento el documento de aceptación del cargo de albacea y una descripción de dicho documento;

(E) certificación del Registro de Testamentos indicativa del o los testamentos otorgados por la persona causante; y

(F) cualquier otro documento o información que el notario estime pertinente.

### Regla 111 Calificación de documentos y formación de expediente

Una vez recibidos los documentos requeridos en la Regla 110, el notario los calificará y formará un expediente conforme a lo dispuesto en la Regla 90.

### Regla 112 Acta de notoriedad sobre cartas testamentarias; contenido

En caso de estimar debidamente justificada la solicitud de expedición de cartas testamentarias, el notario procederá a autorizar la correspondiente acta de notoriedad. Además de cumplir con los requisitos generales del acta de

notoriedad establecidos en las Reglas 85 y 92, el notario consignará expresamente en ésta lo siguiente:

(A) una relación de los documentos requeridos en la Regla 110, los cuales unirá al acta;

(B) una relación de cualquier otra información o documentos que el notario estime pertinente para fundar su determinación, los cuales unirá igualmente al acta;

(C) el hecho de que a la persona a favor de quien se van a expedir cartas testamentarias no le aplican ninguna de las prohibiciones dispuestas en el Código Civil respecto al ejercicio del cargo de albacea; y

(D) el hecho de que se expiden cartas testamentarias a favor de la persona requirente, declarando las facultades que se le confieren como albacea en el testamento y aquellas determinadas por la ley, conforme dispone el Artículo 824 del Código Civil, y de no haber sido eximido, se haya prestado la fianza correspondiente.

## F.  AUTORIZACIÓN PARA CONTRAER NUEVO MATRIMONIO POR RAZÓN DE AUSENCIA

### Regla 113 Inicio del trámite

El cónyuge de la persona que haya estado ausente sin que se tenga noticias de su paradero por un período de diez (10) años o más, podrá solicitar ante un notario la autorización para contraer nuevo matrimonio.

### Regla 114 Documentación y prueba requerida; declaración jurada

(A) La persona que solicite autorización para contraer matrimonio por razón de ausencia deberá presentar al notario la siguiente documentación y prueba:

(1) el certificado de matrimonio;

(2) cualesquiera documentos demostrativos de la desaparición de la persona ausente, tales como recortes de periódicos, informes policíacos y otros;

(3) cualquier otra prueba que el notario estime pertinente para comprobar el hecho de la ausencia y la falta de noticias sobre el paradero de la persona ausente durante los diez (10) años anteriores.

(4) Cualesquiera otros documentos que el notario requiera para cumplir cabalmente con la notificación al Ministerio Público en conformidad con la reglamentación aprobada por el Departamento de Justicia para esos fines.

(B) La persona requirente deberá declarar, bajo juramento, que no tiene ni ha tenido noticias dentro de los diez (10) años anteriores sobre el paradero de la persona ausente y que hace tal declaración a los fines de obtener la autorización necesaria para contraer nuevo matrimonio.

## Regla 115 Notificaciones; calificación de documentos y formación de expediente

(A) El notario notificará al Ministerio Público sobre la solicitud de autorización sometida a su consideración, de conformidad con el procedimiento dispuesto en la Regla 91.

(B) Si conforme a la Regla 91, el Ministerio Público no se opone al trámite del asunto, el notario calificará los documentos, determinará la suficiencia de la prueba y formará un expediente según lo dispuesto en la Regla 90.

(C) En caso de que el Ministerio Público presente una oposición fundamentada, el notario cesará su intervención en el asunto y procederá conforme lo dispuesto en la Regla 94.

## Regla 116 Acta de notoriedad sobre autorización para contraer nuevo matrimonio por razón de ausencia

(A) Si, atendida toda la prueba aportada, el notario estimare que procede la autorización para contraer nuevo matrimonio por razón de ausencia, autorizará la correspondiente acta de notoriedad. Además de cumplir con los requisitos generales del acta de notoriedad establecidos en las Reglas 85 y 92, el notario consignará expresamente en ésta lo siguiente:

(1) una relación de los documentos requeridos en la Regla 114, los cuales unirá al acta;

(2) una relación de cualquier otra información o documentos que el notario estimare pertinentes para fundar su determinación, los cuales unirá igualmente al acta;

(3) el hecho de haber cursado la notificación al Ministerio Público que requiere la Regla 115, inciso(A) y de no haber recibido oposición fundamentada por escrito de su parte; y

(4) la declaración del notario de que, habiendo recibido a su satisfacción prueba suficiente sobre la ausencia y sobre la falta de noticias respecto al paradero de la persona ausente durante un período de diez (10) años previos a la solicitud presentada, autoriza a la persona requirente a contraer nuevo matrimonio.

(B) El notario también hará constar en este caso el hecho de haber advertido a la persona requirente de su deber de presentar ante el Registro Demográfico copia certificada del acta de notoriedad para su eficacia.

## G. ASUNTOS *AD PERPETUAM REI MEMORIAM*

### Regla 117 Inicio del trámite

(A) Toda persona que interese perpetuar la memoria de un hecho para evitar el riesgo de que la prueba al efecto pueda perderse por la ausencia o muerte de testigos, por la pérdida o destrucción de documentos o por cualquier otra razón, podrá acudir ante un notario para que autorice un acta de notoriedad ad *perpetuam rei memoriam*.

(B) No podrán ser perpetuados por este medio aquellos hechos que:

(1) sean objeto de alguna controversia judicial al momento de la solicitud;

(2) ocasionen perjuicio a persona cierta y determinada; o

(3) se pretendan utilizar a los fines de lograr un cambio de identidad mediante alguna modificación del nombre o de los apellidos que consten inscritos en el Registro Demográfico.

### Regla 118 Información y documentos requeridos

La persona requirente deberá ofrecer al notario, bajo juramento, lo siguiente:

(A) los nombres, apellidos, y apodos por los que es conocida, y su dirección residencial;

(B) la identificación detallada del hecho que interesa perpetuar;

(C) de aplicar, la hora, fecha y lugar en que ocurrió el hecho; si se desconociera tal información, así lo hará constar;

(D) todos los documentos cuyo examen estime conveniente para establecer el hecho;

(E) los nombres y apellidos, y las direcciones de las personas conocidas por la persona requirente que hubiesen presenciado o percibido el hecho que se interesa perpetuar;

(F) los nombres y apellidos y las direcciones de las personas conocidas por la persona requirente que pudieren tener algún interés en que se establezca tal hecho o que hubiesen negado su ocurrencia, o que pudieren ser beneficiadas o perjudicadas en alguna medida como consecuencia de la ocurrencia de tal hecho;

(G) cualquier otra prueba que el notario estime pertinente para probar la ocurrencia del hecho.

(H) una declaración de que el hecho a perpetuarse no es objeto de alguna controversia judicial al momento de la solicitud.

(I) cualesquiera otros documentos que el notario requiera para cumplir cabalmente con la notificación al Ministerio Público en conformidad con la reglamentación aprobada por el Departamento de Justicia a esos fines.

### Regla 119 Notificaciones requeridas; calificación de documentos y formación de expediente

(A) Tras obtener la información y documentos requeridos en la Regla 118, el notario notificará al Ministerio Público, conforme al procedimiento dispuesto en la Regla 91.

El notario, además, enviará notificaciones, por correo certificado con acuse de recibo o personalmente con acuse de recibo, a cada una de las personas que la persona requirente identifique de conformidad con los incisos (E) y (F) de la Regla 118. En estas notificaciones informará que la persona requirente ha solicitado que se autorice un acta de notoriedad para perpetuar un hecho, identificará el hecho y solicitará de la persona notificada que se exprese al respecto dentro del término de treinta (30) días contados a partir de la notificación.

Si el notario estima que la prueba documental es insuficiente para establecer el hecho cuya memoria se interesa perpetuar, podrá entrevistar a aquellos testigos que estime conveniente o necesario y los invitará a suscribir una declaración jurada sobre el hecho. En el caso de que se le informe al notario que alguna persona ha negado la ocurrencia del hecho, éste la entrevistará y si corrobora que ésta niega la ocurrencia del hecho, deberá cesar de inmediato la tramitación del asunto y procederá de conformidad con lo dispuesto en la Regla 94.

(B) Si conforme a la Regla 91, el Ministerio Público no se opone al trámite del asunto o si dentro del plazo de treinta (30) días dispuesto en esta Regla ninguna otra persona se opone, el notario calificará los documentos y formará un expediente conforme lo dispuesto en la Regla 90.

**Regla 120 Acta de notoriedad sobre asuntos *ad perpetuam rei memoriam***

Si, atendida toda la prueba aportada, el notario estimare que procede la perpetuación de la memoria del hecho, autorizará la correspondiente acta de notoriedad. Además de cumplir con los requisitos generales del acta de notoriedad establecidos en las Reglas 85 y 92, el notario consignará expresamente en ésta lo siguiente:

(A) la identificación detallada del hecho que se interesa perpetuar;

(B) una relación exhaustiva de la información y los documentos requeridos en la Regla 118 en los cuales funda su declaración, los cuales unirá al acta;

(C) una relación de cualquier otra información y documentos que estime pertinentes

para fundar su determinación, los cuales también unirá al acta;

(D) el hecho de haber cursado la notificación al Ministerio Público conforme a la Regla 91 y a las personas identificadas en los incisos (E) y (F) de la Regla 118; y de no haber recibido oposición de parte del Ministerio Público o de las personas así notificadas;

(E) su declaración a los efectos de que, a su mejor saber y entender, ha quedado suficientemente comprobado el hecho cuya memoria se perpetúa mediante el acta; y

(F) si se tratare de una declaración a los fines de hacer constar que la persona requirente es también conocida por un nombre o unos apellidos distintos en alguna forma de aquellos que constan inscritos en el Registro Demográfico, deberá hacerse constar, además, el hecho de que dicha declaración no afectará la inscripción en el Registro, sino que meramente dará lugar a una anotación al margen.  El notario consignará el haber advertido a la persona requirente de su deber de presentar ante el Registro Demográfico copia certificada del acta de notoriedad para su eficacia.

## H.   CORRECCIÓN DE ACTAS QUE OBREN EN EL REGISTRO DEMOGRÁFICO

### Regla 121 Inicio del trámite

Toda persona interesada en corregir errores simples, que se puedan constatar fácilmente, en un certificado de nacimiento o de matrimonio archivado en el Registro Demográfico, o toda parte con interés en corregir errores simples, de fácil constatación, en un certificado de defunción, podrá solicitarlo ante un notario siempre que haya transcurrido el término dispuesto por ley para que la persona pueda solicitarlo directamente ante el Registro Demográfico.  Son rectificables errores que puedan ser corroborados mediante la mera inspección de otros documentos que obren en el Registro Demográfico, de los cuales surja la información correcta.  Ejemplo de estos son, entre otros, los siguientes:

(A) nombre y apellidos con ortografía incorrecta;

(B) ausencia o exceso de alguna letra en el nombre o en los apellidos registrados;

(C) errores en el apellido que se puedan corroborar en el propio certificado por haberse indicado correctamente el apellido paterno o el materno;

(D) errores en el nombre y los apellidos de la persona inscrita cuando de la certificación médica y la licencia matrimonial surge que se informaron correctamente;

(E) errores en los apellidos de cualquiera de los progenitores de la persona inscrita cuando se puedan comprobar mediante la firma de aquellos al hacer la inscripción;

(F) omisiones o errores en las transcripciones de certificados cuando los certificados originales archivados en el Registro Demográfico están completos y correctos;

(G) error en la identificación del sexo de la persona inscrita cuando ello resulta obvio del propio documento;

(H) errores en alguna fecha cuando en otras partes del certificado consta la fecha correcta;

(I) errores en cómputos aritméticos al determinar la edad de la persona inscrita cuando la base para el cómputo correcto surge del propio certificado;

(J) errores en la fecha de nacimiento cuando ello se puede comprobar sobre la base de la edad que consta en el certificado. Este procedimiento no está disponible para realizar cambios sustanciales en los certificados, con efecto futuro.

## Regla 122 Información y documentos requeridos

La persona requirente manifestará bajo juramento ante el notario, en qué consiste el error y la corrección que solicita. Presentará copia certificada del folio o documento que adolece del error junto con la prueba pertinente que justifique la corrección.

La persona requirente deberá presentar además, cualesquiera otros documentos que el notario estime necesarios para la corrección

solicitada, y para cumplir cabalmente con la notificación al Ministerio Público en conformidad con la reglamentación aprobada por el Departamento de Justicia para esos fines.

## Regla 123 Notificación al Ministerio Público; calificación y formación de expediente

Tras obtener la información y la documentación requerida en la Regla 122, el notario notificará al Ministerio Público conforme al procedimiento dispuesto en la Regla 91. De no haber oposición de parte del Ministerio Público, el notario calificará los documentos y formará un expediente conforme a la Regla 90.

## Regla 124 Acta de notoriedad sobre corrección de actas en el Registro Demográfico

(A) Si, atendida toda la prueba aportada, el notario estimare que procede la corrección solicitada, autorizará la correspondiente acta de notoriedad. Además de cumplir con los requisitos generales del acta de notoriedad establecidos en las Reglas 85 y 92, el notario consignará expresamente en ésta lo siguiente:

(1) una relación de la información y los documentos requeridos en la Regla 122, los cuales unirá al acta;

(2) una relación de cualquier otra información y documentos que estime pertinentes para fundar su determinación, los cuales unirá igualmente al acta;

(3) el hecho de haber cursado notificación al Ministerio Público, según requiere la Regla 123 y de no haber oposición de su parte; y

(4) la declaración del notario sobre la naturaleza del error que se le solicitó corregir y los datos pertinentes para su correspondiente corrección en el Registro Demográfico.

(B) El notario también hará constar en estos casos el hecho de haber advertido a la persona requirente de su deber de presentar ante el Registro Demográfico copia certificada del acta de notoriedad para su eficacia.

## I.  CAMBIO DE NOMBRE O APELLIDOS

**Regla 125 Inicio del trámite**

Toda persona interesada en cambiar su nombre o sus apellidos según constan inscritos en el Registro Demográfico, podrá solicitarlo ante un notario.

Esta Regla aplica únicamente a cambios sustanciales, entre otros, los siguientes:

(A)  sustituir un nombre por otro;

(B)  añadir un nombre al que se tiene;

(C)  variar el nombre en grado tal que afecte la manera de pronunciarlo;

(D)  eliminar o sustituir un apellido;

(E)  corregir un alegado error en los apellidos inscritos cuando de los documentos que obran en el Registro Demográfico no surja prueba del error;

(F)  modificar la ortografía de un apellido, aunque ello no varíe su pronunciación.

**Regla 126 Información y documentación requerida**

(A)  La persona requirente manifestará bajo juramento ante el notario, lo siguiente:

(1)  los nombres y apellidos, y los apodos por los que también es conocida;

(2)  las direcciones donde haya residido durante los tres (3) años previos al inicio del trámite;

(3)  los nombres y apellidos, las direcciones postales de sus ascendientes y descendientes vivos a la fecha de inicio del trámite, así como las de su cónyuge si fuere casada;

(4)  su número de seguro social;

(5) que ha notificado a la Administración del Seguro Social su intención de cambiar su nombre;

(6) el motivo por el cual interesa el cambio; y

(7) que el propósito del cambio de nombre no es para evadir responsabilidad penal o civil alguna.

(B) La persona requirente deberá presentar al notario los siguientes documentos:

(1) copia oficial de su certificado de nacimiento;

(2) certificación negativa de antecedentes penales expedida bajo su nombre y apellidos, según constan inscritos en el Registro Demográfico;

(3) certificación negativa de antecedentes penales expedida bajo el nombre y apellidos que refleje el cambio que se solicita;

(4) tres (3) fotografías suyas recientes en blanco y negro, tamaño dos (2) pulgadas por dos (2), producidas de un mismo negativo;

(5) copia de su licencia de conducir o de su tarjeta electoral, de ser esta mostrada voluntariamente; y

(6) cualquier otro documento que la persona requirente o el notario estimen necesario o conveniente; y

(7) cualesquiera otros documentos que el notario requiera para cumplir cabalmente con la notificación al Ministerio Público en conformidad con la reglamentación aprobada por el Departamento de Justicia para esos fines.

## Regla 127 Notificación al Ministerio Público; calificación y formación de expediente

(A) Tras obtener la información y la documentación requerida en la Regla 126, el notario notificará al Ministerio Público conforme al procedimiento dispuesto en la Regla 91. Junto con la notificación deberá incluir copia de toda la

prueba documental y una de las tres (3) fotos que se mencionan en el inciso (B)(4) de la Regla 126.

(B) De no haber oposición de parte del Ministerio Público, el notario calificará los documentos y formará un expediente conforme a lo dispuesto en la Regla 90.

## Regla 128 Acta de notoriedad sobre cambio de nombre o apellido

(A) Si, atendida toda la prueba aportada, el notario estimare que procede el cambio de nombre o de apellidos, sin que medie respecto a la solicitud motivo ilícito alguno, autorizará la correspondiente acta de notoriedad. Además de cumplir con los requisitos generales de las actas de notoriedad establecidos en las Reglas 85 y 92, el notario consignará expresamente en ésta lo siguiente:

(1) una relación de la información y los documentos requeridos en la Regla 126, los cuales unirá al acta;

(2) una relación de cualquier otra información y documentos que estime pertinentes para fundar su determinación, los cuales unirá igualmente al acta;

(3) el hecho de haber cursado notificación al Ministerio Público según requiere la Regla 127 y de no haber recibido oposición de su parte con respecto al trámite del asunto;

(4) la declaración del notario sobre el nombre y los apellidos que llevará subsiguientemente la persona requirente.

(B) El notario también hará constar en este caso el hecho de haber advertido a la persona requirente de su deber de presentar ante el Registro Demográfico y ante la Administración del Seguro Social una copia certificada del acta de notoriedad para su eficacia.

(C) El notario adherirá al original del acta de notoriedad una de las fotografías de la persona requirente.

**Regla 129 Expedición        de        copias        certificadas; notificaciones**

El notario expedirá a favor de la persona requirente una copia certificada del acta de notoriedad.  Dicha copia llevará adherida una de las fotografías presentadas por la persona requirente conforme a la Regla 126(B) (4).

El notario no adherirá una fotografía o facsímil de ésta a las copias certificadas que expida luego de la primera copia certificada.  No obstante, hará constar en dichas copias certificadas que en el acta original que obra en su protocolo consta adherida la fotografía de la persona requirente.

**Regla 130 Fianza notarial; responde por la atención de los asuntos no contenciosos**

La fianza requerida por el Artículo 7 de la Ley Notarial de Puerto Rico para practicar la profesión notarial en Puerto Rico y para responder del buen desempeño de las funciones notariales y de los daños y perjuicios que por acción u omisión se causen en esta práctica profesional, responderá además por el ejercicio de las facultades adicionales que la Ley de Asuntos No Contenciosos Ante Notario le confiere al notariado.

**Regla 131. Vigencia**

Este reglamento comenzará a regir el 1 de agosto de 1995.

Las reglas contenidas en el Capítulo IX comenzarán a regir el 1 de febrero de 2012.

Asimismo, las enmiendas a las Reglas 12, 14, 15, 19, 27, 38, 39, 47, 60, 63, 77 y 84, comenzarán a regir el 1 de febrero de 2012.

**Enmiendas a las Reglas 12, 14, 15, 19, 27, 38, 39, 47, 60, 63, 77 y 84 del Reglamento Notarial de Puerto Rico para conformarlo a la Ley de Asuntos No Contenciosos Ante Notario**

**Regla 12.  Índice Mensual Sobre Actividad Notarial; notificación**

(A) El índice mensual sobre actividad notarial debe contener la dirección física y el

teléfono de la oficina notarial. Cuando el notario sea empleado público, también contendrá el nombre y dirección del organismo público donde trabaja.

En los casos en que el organismo público permita la práctica privada fuera de horas laborables, el notario preparará dos Índices, uno para las escrituras y testimonios autorizados para la Agencia y otro para aquellos autorizados en la práctica privada que la Agencia le permitió.

Si el término límite de diez (10) días naturales siguientes al mes informado para remitir el índice mensual fuere sábado, domingo, día feriado o, por disposición de autoridad competente, estuviere cerrada la Oficina de Inspección de Notarías, éste será considerado extendido hasta el próximo día laborable.

En caso de error u omisión en el índice mensual sobre actividad notarial, el notario deberá someter un índice mensual enmendado con la correspondiente explicación conforme al procedimiento para presentación tardía.

En el caso de presentación tardía del índice notarial, el Director de la Oficina de Inspección de Notarías podrá requerir al notario que explique la tardanza y someta cualquier otra información que estime conveniente.

El Director de la Oficina de Inspección de Notarías podrá aceptar la explicación ofrecida y apercibir al notario respecto al estricto cumplimiento de sus obligaciones como tal en el futuro. En los casos que lo estime apropiado, podrá presentar un informe al Tribunal Supremo de Puerto Rico sobre este particular.

(B) La notificación del Índice Mensual, dispuesta en el Artículo 12 de la Ley Notarial de Puerto Rico, contendrá la siguiente información bajo la fe, firma y sello del notario:

(a) Respecto a los instrumentos públicos matrices, incluyendo las actas relacionadas con asuntos no contenciosos ante notario

(1) el número de orden cronológico

(2) el nombre de la(s) persona(s) compareciente(s) o requirente(s) y su capacidad representativa, si alguna

(3) la fecha de otorgamiento o autorización

(4) el objeto, asunto no contencioso o título del instrumento

(5) la cuantía del instrumento, en los casos aplicables

(6) el nombre de los testigos, de haber comparecido alguno

(7) el notario deberá certificar haber cancelado en los instrumentos públicos autorizados para ese mes los correspondientes sellos de rentas internas, el de impuesto notarial y los sellos de la Sociedad para Asistencia Legal, según aplique.

(8) el notario deberá certificar haber remitido al Departamento de Hacienda y al Centro de Recaudación de Ingresos Municipales, las planillas que requiere el Artículo 11 de la Ley Notarial de Puerto Rico.

(9) los instrumentos públicos que el notario autorizó gratuitamente.

(b) Respecto a los testimonios

(1) el número de orden cronológico

(2) la fecha

(3) el nombre de la persona declarante o declarantes

(4) una relación sucinta del acto autenticado

(5) el notario deberá certificar haber cancelado en el Registro de Testimonios los correspondientes sellos de la Sociedad para Asistencia Legal.

(c) Respecto a las planillas informativas el notario deberá certificar haber remitido al Departamento de Hacienda y al Centro de Recaudación de Ingresos Municipales, las

planillas que requiere el Artículo 11 de la Ley Notarial de Puerto Rico.

(d) Informe negativo

De no haber tenido actividad notarial durante algún mes, el notario enviará un informe negativo para ese mes.

(e) En general, el Índice Mensual sobre actividad notarial deberá contener:

(1)   el nombre del notario

(2)   el número notarial

(3)   el mes y el año

(4) el total de instrumentos públicos autorizados, incluyendo las actas sobre asuntos no contenciosos y total de testimonios autorizados durante el mes

(5)   la dirección postal

(6)   la dirección física

(7)   los números de teléfono y fax

(8) la dirección de correo electrónico.

(f) Cuando los notarios notifiquen a la Oficina de Inspección de Notarías el Índice Mensual sobre sus actividades notariales por la vía electrónica, el término para hacerlo será no más tarde del décimo día calendario del mes siguiente al mes informado. Una vez el notario realice la notificación de los Índices Mensuales por la vía electrónica, no se podrá retornar al uso de formularios de papel para la misma.

## Regla 14.  Pago de derechos y honorarios

*Pago de derechos*

(a)  Todo derecho de arancel o de otra índole que conforme a la ley devengue el instrumento público, tanto en el original como en las copias certificadas del mismo, y en su caso, los de inscripción en los registros correspondientes, será sufragado por las partes interesadas en conformidad con lo dispuesto en el Derecho vigente.

(b) El pago de derechos arancelarios en los asuntos no contenciosos ante notario se realizará en conformidad con lo establecido en el Artículo 13 de la Ley de Asuntos No Contenciosos Ante Notario.

(c) El notario podrá rehusar autorizar el instrumento hasta que se hubiere provisto para el pago de los derechos arancelarios a su satisfacción.

*Honorarios notariales*

Los notarios devengarán sus honorarios de conformidad con lo dispuesto en el Artículo 77 de la Ley Notarial de Puerto Rico.

## Regla 15. Planilla Informativa – Personas responsables

El notario deberá remitir al Departamento de Hacienda y al Centro de Recaudación de Ingresos Municipales la Planilla Informativa correspondiente a las escrituras otorgadas ante éste durante el mes anterior, que le haya sido depositada por la parte transmitente o por la parte que segregue o agrupe. Las Planillas Informativas serán remitidas durante los primeros diez (10) días del mes siguiente al mes en que fue otorgada la escritura objeto de la transmisión de dominio, segregación o agrupación. El notario hará constar su envío en el Índice Mensual.

El notario remitirá esta Planilla Informativa por medios electrónicos según lo requiera el Departamento de Hacienda, de conformidad con los procedimientos que éste establezca a esos fines. Hasta tanto el Departamento de Hacienda establezca tales procedimientos, el notario deberá remitir la Planilla Informativa por correo o mediante entrega personal.

Si la parte transmitente del dominio o la parte que agrupa o segrega no depositara en la oficina del notario la Planilla Informativa, éste deberá expresar tal hecho en el Índice Mensual. El notario lo orientará sobre la penalidad que establece el Código de Rentas Internas por incumplir tal obligación legal.

Cualquier escritura de aclaración, rectificación o modificación que afecte el precio, los términos de pago, la parte transmitente, la parte adquirente o la identidad

del inmueble estará igualmente sujeta a lo dispuesto en esta Regla.

El notario deberá remitir a las entidades gubernamentales que corresponda cualesquiera otros documentos requeridos mediante legislación.

## Regla 19. Naturaleza de los instrumentos públicos

Son instrumentos públicos las escrituras públicas y las actas, bien sean en original o en copia certificada.

Llámese "instrumento público matriz" al original que el notario redacta sobre el contrato, acto o hecho que relata, firmado por las personas comparecientes y los testigos, si los hubiere, firmado, rubricado, signado y sellado por el notario.

El contenido propio de las escrituras públicas son las declaraciones de voluntad, los actos jurídicos que impliquen prestación de consentimiento y los contratos de todas clases.

El ámbito de las actas notariales cubre los hechos y el derecho que declare, los hechos y circunstancias que presencie, le relaten o le consten al notario y que por su naturaleza no fueren materia de contrato u otras manifestaciones de voluntad.

## Regla 27. Comparecencia

El notario dejará consignado en el instrumento público la calidad en que intervienen las personas comparecientes, bien fuere como otorgante, como requirente, como testigo, en capacidad representativa o en cualquier otro concepto.

## Regla 38. Objeto de actas

Sin que esta enumeración implique limitación, podrán ser objeto de actas notariales los actos, hechos o circunstancias siguientes:

(a) La acreditación de:

(1) hechos presenciados por el notario o percibidos por sus sentidos y que motivan su autorización;

(2) la remisión de documentos, que acredite su contenido y su fecha de envío;

(3) la notificación o requerimiento que haga constar el nombre de la persona requirente y de la persona destinataria, el contenido de la misiva y la forma en que la notificación fue efectuada;

(4) la existencia de documentos privados;

(5) el cese de intervención en los asuntos no contenciosos.

(b) La referencia o relato de manifestaciones hechas en su presencia, a los únicos fines de acreditar dichas manifestaciones y no la veracidad del contenido de las mismas.

(c) El recibo en depósito de objetos, valores y documentos para su custodia o como prenda de sus contratos, a solicitud de parte o a opción del notario. En dicha acta podrán ser consignadas las condiciones impuestas por el notario a la persona depositante para la constitución y disposición del depósito.

(d) Los poderes, testamentos y demás documentos otorgados fuera de Puerto Rico.

(e) Los expedientes judiciales referentes a la adveración de testamentos, en los casos que lo requiera, la partición de herencia, así como cualquier otro expediente en cumplimiento de providencia judicial o a requerimiento de parte.

**Regla 39. Acta de subsanación; nota marginal; diligencia subsanatoria**

*Acta de Subsanación*

Es acta de subsanación el instrumento que redacta el notario, sin intervención de las partes otorgantes y sin perjuicio de una tercera persona, para corregir los defectos u omisiones de que adolezca un instrumento público previo. El notario hará constar en el acta que la subsanación obedece a datos o hechos que presenció o que de otro modo le constan personalmente y que no afectan el negocio jurídico.

Excepto en los testamentos, pueden ser objeto de acta de subsanación, a manera de ejemplo, asuntos tales como:

(a) El nombre o los nombres y apellido o apellidos por los cuales fueren también conocidas cualesquiera de las personas comparecientes o sus cónyuges, así como sus circunstancias personales.

(b) La omisión o incorrección en la descripción de una propiedad cuando la corrección fuere para conformar lo informado en el instrumento a cualquier información que surja del Registro de la Propiedad o en documento fehaciente, y que no fuere incompatible con lo convenido por las partes contratantes.

(c) El resultado incorrecto de un cómputo aritmético, siempre que los fundamentos utilizados en el cómputo hayan sido consignados o fueren determinables del propio instrumento o del Registro de la Propiedad, y permanezcan inalterados a pesar de la corrección.

(d) Hechos tales como la existencia o inexistencia de una edificación, el cotejo de documentos, la existencia y detalles de planos, fotografías y otros documentos y las fechas y entrega de documentos o valores.

(e) La falta de expresión notarial sobre la identidad o la capacidad de las personas otorgantes.

(f) La falta de expresión en los casos de cancelación o de liberación de que tuvo a su vista el original del pagaré o de que fue puesta la correspondiente nota de cancelación.

(g) La falta de expresión de que fueron hechas las advertencias y reservas legales.

(h) La falta de expresión en cuanto a la forma en que fue realizada la lectura del instrumento público.

(i) La corrección de errores, omisiones o defectos de forma en las actas de notoriedad y en el acta notarial de cese del trámite autorizadas al amparo de la Ley de Asuntos No Contenciosos Ante Notario.

*Subsanación en documentos notariales*

(a) Los documentos notariales *ínter vivos* podrán quedar subsanados por el notario autorizante mediante acta de subsanación o por medio de diligencia subsanatoria, en aquellos casos en que la subsanación no modifique, cambie o supla la voluntad de una o todas las personas comparecientes ni altere la esencia del instrumento subsanado.

El notario podrá subsanar errores, defectos de forma y omisiones, tales como la falta de expresión en el documento de sus juicios de identidad o de capacidad de las personas comparecientes; la falta de expresión en el documento de otros aspectos de su propia actividad en la autorización de sus instrumentos, y datos o hechos que presenció o que de otro modo le constan personalmente y que no afectan el negocio jurídico. Sólo el notario autorizante podrá subsanar la falta de expresión en el documento de sus juicios de identidad o de capacidad o de otros aspectos de su propia actividad en la autorización. En este último caso, cuando el notario autorizante esté suspendido, éste comparecerá ante otro notario, quien hará la subsanación y le expresará a éste la forma de identificación o sobre la capacidad de los otorgantes en el documento que autorizó.

La subsanación podrá hacerse por diligencia en el propio instrumento matriz después de las firmas de las personas comparecientes y del notario o al dorso de dicho folio. También podrá hacerse por medio de un acta de subsanación y una nota marginal de contrarreferencia en el documento subsanado. Tanto en la diligencia subsanatoria como en el acta de subsanación, se hará constar el error, la omisión, o el defecto de forma, su causa y la declaración que lo subsana, según dispuesto en el Artículo 29 de la Ley Notarial de Puerto Rico.

(b) En los casos de errores, omisiones o defectos de forma en las actas de notoriedad y en las actas notariales de cese del trámite autorizadas al amparo de la Ley de Asuntos No Contenciosos Ante Notario, éstos serán subsanados a instancia de la persona requirente, de otra persona con interés legítimo o del propio notario. Esto se efectuará en el propio instrumento matriz después de las firmas, mediante diligencia subsanatoria. También podrá hacerse por medio de acta de subsanación, con una

nota marginal de contrarreferencia en el instrumento subsanado. Tanto en la diligencia subsanatoria como en el acta de subsanación, se hará constar el error, la omisión o el defecto de forma, su causa y la declaración que lo subsana, según dispuesto en el Artículo 29 de la Ley Notarial de Puerto Rico.

Las actas de subsanación de actas de notoriedad y de cese del trámite formarán parte del Protocolo de Instrumentos Públicos del notario.

Cuando en los casos de actas de notoriedad, el error sea imposible de subsanación en la forma prevista en este inciso, por ser un error u omisión sustancial directamente relacionado con el asunto bajo trámite que requiera la comparecencia de la persona requirente o de otra persona con interés legítimo, será necesario para su corrección cumplir con las disposiciones del Capítulo sobre asuntos no contenciosos de este Reglamento o una resolución judicial.

(c) Todas las notas marginales de contrarreferencia efectuadas en los documentos matrices contendrán el hecho de la corrección e indicarán el acta notarial en la que se hayan efectuado. Todas las diligencias y notas marginales se harán bajo la firma y sello del notario.

(d) El notario podrá corregir por diligencia en la escritura matriz o por medio de acta notarial la falta de iniciales de las partes otorgantes o testigos de conocimiento en uno o más de los folios de un instrumento público otorgado previamente. La autorización del acta exige la comparecencia solamente de las personas cuyas iniciales no fueron incluidas en el instrumento público matriz.

Si la corrección fuera por acta notarial, el notario indicará al margen de los folios del instrumento público matriz, bajo su fe, firma, signo y sello notarial, la autorización del acta. Esta nota al margen indicará además, el número de orden y nombre del instrumento público matriz y el día, mes, año y lugar en que fue otorgado.

*Notificación a la Oficina de Inspección de Notarías*

Además de las notificaciones a la Oficina de Inspección de Notarías sobre la autorización de escrituras de poderes, testamentos y asuntos no contenciosos ante notario, los notarios notificarán a partir de su autorización las actas de subsanación y las diligencias relacionadas con los referidos instrumentos, dentro de los próximos tres (3) días laborables, sin contar sábados y domingos ni los días feriados decretados por ley, bajo su fe notarial en el formulario dispuesto por la Oficina y, además, remitirán copia del documento objeto de esta notificación.

**Regla 47. Personas con derecho a copia**

Además de las personas otorgantes y las personas requirentes, pueden solicitar y obtener copia de un documento matriz en un protocolo bajo la custodia de un notario, entre otros:

(a) El causahabiente de cualquiera de las personas otorgantes o las personas requirentes en la materia del contrato:

(1) El heredero o el legatario de las partes,

(2) el donatario,

(3) el cesionario.

(b) El representante de cualquiera de las personas otorgantes o las personas requirentes al momento de solicitar la copia:

(1) El abogado,

(2) el mandatario o el apoderado,

(3) el tutor de un incapaz o de un menor,

(4) el albacea o el contador-partidor,

(5) el padre o la madre con patria potestad sobre un menor,

(6) el oficial autorizado de cualquier entidad.

(c) La persona a cuyo favor resulte del documento matriz algún derecho, o por acto distinto a éste, en relación con la materia del contrato:

(1)  El comunero,

(2)  el acreedor hipotecario,

(3)  el arrendatario,

(4)  el usufructuario,

(5)  la persona que disfrute del derecho de uso y habitación,

(6)  el censualista,

(7)  el titular del derecho de servidumbre,

(8)  el fiduciario y el fideicomisario,

(9)  la persona que invoque tener derecho de retracto,

(10) el cónyuge no otorgante.

(d) Cualquier persona que, a juicio del notario, acredite tener interés legítimo en el documento para el ejercicio de un derecho, facultad o acción, o para acreditar la celebración del acto contenido en el instrumento.

(e)  El Registrador de la Propiedad.

Denegada la expedición de la copia por el notario, la persona solicitante acudirá al procedimiento que establece el Artículo 44 de la Ley Notarial de Puerto Rico. De no cumplir el notario con la decisión del Director de la Oficina de Inspección de Notarías, la persona interesada podrá acudir al Tribunal Supremo.

## Regla 60. Presentación de la Notificación

La notificación exigida a los notarios de remitir al Director de la Oficina de Inspección de Notarías relacionada con la autorización de instrumentos sobre poderes y testamentos, será preparada en original y copia, y entregada personalmente o por correo certificado con acuse de recibo, o por los medios electrónicos que se autoricen. En el caso de que la notificación

fuere efectuada personalmente, el presentante podrá incluir copia adicional de la notificación para que se le acuse recibo de su presentación.

Una vez recibida y hecha la anotación de su contenido en el Registro de Poderes o en el Registro de Testamentos, según corresponda, el Director de la Oficina de Inspección de Notarías archivará el original y devolverá al notario una copia en la que hará constar la fecha en que fue recibida dicha notificación y los datos de su inscripción en el Registro pertinente.

Si el Director de la Oficina de Inspección de Notarías observare que en la notificación presentada hubiere sido omitido algún dato, requerirá del notario que provea la información omitida, a lo cual éste dará cumplimiento mediante notificación complementaria dentro del término de tres (3) días laborables a partir del requerimiento de la Oficina de Inspección de Notarías.

En el cómputo de los plazos dispuestos para dar cumplimiento a los requisitos de notificación no serán contados sábados, domingos, días feriados ni aquellos en que por disposición de autoridad competente esté cerrada la Oficina de Inspección de Notarías.

**Regla 63. Notificación tardía sobre testamentos, poderes y actas de asuntos no contenciosos ante notario**

(A) En caso de que el notario no haya remitido la correspondiente notificación sobre la autorización de testamento, poder, su intervención inicial en un asunto no contencioso ante notario o un acta de notoriedad o un acta de cese sobre uno de estos asuntos dentro del plazo dispuesto por ley, deberá hacerlo a la brevedad posible y acompañar con la notificación, bajo su fe, firma y sello de notario, una exposición detallada de los hechos y circunstancias que dieron lugar a la notificación tardía y expresará:

(1) si la tardanza ha causado daño a persona alguna;

(2) si ha sido causa de pleito o controversia;

(3) si la tardanza fue debida a actos de terceras personas, deberá acompañar junto con su exposición de los hechos:

(a) declaraciones juradas y otros documentos pertinentes que acrediten tales actos,

(b) cualquier otra evidencia que el notario interese someter como justificación de la tardanza.

(B) El Director de la Oficina de Inspección de Notarias podrá requerir en todo caso que el notario remita cualquier otra información que estime conveniente.

El Director de la Oficina de Inspección de Notarías podrá aceptar la explicación ofrecida y apercibir al notario respecto al estricto cumplimiento de sus obligaciones como tal en el futuro. En los casos que lo estime apropiado, podrá presentar un informe al Tribunal Supremo de Puerto Rico.

## Regla 77. Procedimiento Ordinario de Inspección de Protocolos y Registros

(a) En la inspección de protocolos y registros, la Oficina de Inspección de Notarías dará prioridad en lo posible a los notarios que tengan pendiente de inspección el mayor número de protocolos y registros.

(b) El Inspector de Protocolos informará al notario, por los medios y con anticipación razonable, la fecha en que comenzará la inspección. No será necesario que el notario esté presente durante la inspección, pero de ausentarse deberá proveer las facilidades necesarias para que ésta no sea interrumpida.

(c) Si el Inspector no hubiere podido comunicarse con el notario, podrá presentarse al lugar de la última dirección de la oficina del notario que obre en el sistema de información de la Oficina de Inspección de Notarías.

(d) Si el Inspector no hubiere podido localizar la oficina del notario, o habiéndola localizado no pudiere comunicarse con él durante horas laborables, notificará por correo al notario sobre cuándo y dónde comenzará la inspección, pautándola para una fecha posterior al décimo día siguiente a la notificación. Si el notario no comparece según requerido, y de no

comunicarse con el Inspector antes de la fecha señalada, el Inspector remitirá un informe a tales efectos al Director de la Oficina de Inspección de Notarías, incluirá una breve relación de las gestiones realizadas, y notificará copia por correo al notario. Tal informe será considerado como final, sin perjuicio del que pueda ser rendido una vez efectuada la inspección.

(e) La inspección deberá ser efectuada en la oficina del notario, quien proveerá las facilidades necesarias en días y horas laborables, ello sin perjuicio de lo dispuesto en el inciso anterior o a través de cualquier incautación que el tribunal haya ordenado. Una vez comenzada una inspección de un protocolo, será continuada en lo posible, de día a día, hasta tanto sea completada.

(f) El Inspector hará un señalamiento preliminar en el cual indicará las faltas y comentarios pertinentes. En los casos necesarios, hará una lista e indicará en cuanto a cada falta: el número del instrumento y del folio donde la observó, y su naturaleza, o en caso de una deficiencia en estampillas, su cuantía. En los casos de faltas repetidas, el Inspector podrá hacer un señalamiento de carácter general.

(g) El Inspector dejará al notario, al terminar cada día de inspección, una copia del señalamiento de faltas correspondiente a ese día.

(h) Si finalizado el examen el Inspector no aprueba el protocolo o el registro de testimonios, deberá pautar una reunión final para una fecha posterior al décimo quinto día de su última visita.

(i) En la reunión final, el Inspector determinará si las faltas preliminares señaladas han sido subsanadas y discutirá con el notario cualesquiera divergencias de criterio.

(j) Si luego de la reunión final no subsiste falta o divergencia alguna, el Inspector extenderá bajo su firma la correspondiente nota de aprobación al reverso del último folio de cada tomo del último instrumento público del protocolo objeto de la inspección. Remitirá subsiguientemente su informe final e indicará tal aprobación al Director de la Oficina de Inspección de Notarías.

(k) Si luego de la reunión final subsiste alguna falta o divergencia de criterio, el Inspector dejará al notario una copia del señalamiento de faltas correspondiente a la inspección final, firmada como recibida por el notario o la persona autorizada por éste.

El Inspector rendirá al Director de la Oficina de Inspección de Notarías, dentro del término de sesenta (60) días posteriores a la inspección final, un informe de las faltas o divergencias de criterios referentes a la obra notarial inspeccionada. El Director de la Oficina de Inspección de Notarías procederá de conformidad con lo dispuesto en la Regla 79.

(l) Si el Inspector no puede completar la inspección por razones atribuibles al notario, remitirá un informe a tales efectos al Director de la Oficina de Inspección de Notarías, que incluirá una breve relación de los hechos ocurridos; le unirá copia de los señalamientos hechos hasta ese momento, y notificará simultáneamente copia al notario. El Director de la Oficina de Inspección de Notarías procederá de conformidad con lo dispuesto en la Regla 79.

(m) Cualquier notificación por correo será efectuada a la dirección que surja del Registro Único de Abogados y Abogadas de Puerto Rico.

(n) La inspección de las actas notariales sobre asuntos no contenciosos se efectuará de conformidad con lo dispuesto en esta Regla y en las instrucciones que la Oficina de Inspección de Notarías emita a estos efectos.

**Regla 84. Regla general para la presentación electrónica**

La presentación de documentos y formularios requeridos a los notarios podrá realizarse por la vía electrónica conforme a las Instrucciones Generales que emita el Director de la Oficina de Inspección de Notarías. La utilización de certificados digitales y firmas electrónicas, así como cualquier otro recurso informático, se atenderá conforme dispongan las reglas que sobre el particular adopte el Juez Presidente del Tribunal Supremo.